UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>JOHN THOMPSON, )<br>)<br>Defendant. )<br>) | Criminal Action No. 6: 13-30-DCR-02<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant John Thompson has moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). [Record No. 174] Thompson is currently serving a 190-month sentence for distributing and conspiring to distribute substantial quantities of oxycodone in violation of 21 U.S.C. § 846. [Record no. 139] Having considered Thompson's motion and the relevant sentencing factors, the Court concludes that a further reduction of the defendant's sentence is not warranted and the motion will be denied.

The charges against Defendant Thompson resulted from his role in trafficking oxycodone in Southeastern Kentucky. Thompson admitted to receiving oxycodone from a co-defendant and selling quantities of the drug to fund his own addiction. [Record No. 116, p. 3] However, during his sentencing hearing, Thompson offered false testimony regarding the quantity of pills he received in an attempt to minimize his conduct and, as a result, reduce his ultimate sentence. [Record No. 104, p. 5]

The defendant was sentenced on March 28, 2014. At that time, Thompson's Base Offense Level was 32 and he was placed in Criminal History Category III. Because

Thompson provided materially false information to the Probation Officer and in his testimony at the drug quantity hearing, [Record No. 104] two points were added to his offense level for obstructing justice, resulting in an adjusted offense level of 34 and an overall guideline imprisonment range of 188-235 months. [Record No. 145, p. 18] Ultimately, the Court concluded that a term of incarceration of 190 months was "necessary to serve all of the statutory purposes." [Record No. 154, p. 34] Recent changes to the United States Sentencing Guidelines would reduce Thompson's base offense level by two levels to a Total Offense Level of 32. Combined with his criminal history score, this reduction would decrease Thompson's non-binding guideline range to 151-188 months. However, the requested reduction is not appropriate.

At sentencing, the Court carefully considered and applied the statutory factors outlined in 18 U.S.C. § 3553, including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide a just punishment, afford specific and general deterrence to future criminal conduct, and protect the public from future crimes. 18 U.S.C. § 3553(a). In reviewing the defendant's present motion, the Court again considers these factors to determine whether a reduced sentence would be sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

The Court has previously noted the nature and circumstances of the defendant's offense, as well as Thompson's history and characteristics, finding that these factors "are very negative in this particular case." [Record No. 154, p. 30] Specifically, Thompson has a criminal history replete with alcohol and substance abuse, assault, terroristic threatening, and harassment stretching back to age seventeen. [Record No. 145] Thus, the likelihood that the defendant will re-offend when released is substantial. Additionally, Thompson's criminal

-3-

history suggests a lack of respect for the law and indicates that he presents a significant danger to the public. In short, the goals of 18 U.S.C. § 3553 would not be served by reducing Thompson's sentence. The Court again concludes that a term of incarceration of 190 months is sufficient, but not greater than necessary to meet all statutory goals and objectives of sentencing. As noted during the sentencing hearing, the United States Sentencing Guidelines are not binding. Here, the requested reduction in the guidelines range is outweighed by the statutory factors discussed above. Accordingly, it is hereby

**ORDERED** that Defendant John Thompson's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) [Record No. 174] is **DENIED**.

This 16th day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge