UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 13-030-DCR-02 |
| V. | ) ) | |
| JOHN THOMPSON, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

Defendant John Thompson pleaded guilty to conspiring to distribute oxycodone in violation of 21 U.S.C. § 846 and distributing oxycodone in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a total of 190 months' imprisonment on March 28, 2014.[1] Two points were added to Thompson's criminal history score during his sentencing hearing because he committed the offenses while under a criminal justice sentence.

As the Court recently noted, Amendment 821 to the United States Sentencing Guidelines (Part A) eliminates such "status points" for defendants like Thompson who have six or fewer criminal history points. (U.S.S.G. Amend. 821, eff. Nov. 1, 2023).[2] Further, 18 U.S.C. § 3582(c)(2) provides:

---

[1] On September 13, 2019, an amended judgment was entered reducing the defendant's sentence from 190 months to 178 months imprisonment for Counts One and Two pursuant to a sealed motion by the government for his substantial assistance. All other provisions of the original judgment remained unchanged.

[2] Despite the Amendment's effective date, defendants who are granted sentence reductions under Amendment 821 may not be released from custody earlier than February 1, 2024.

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

During his sentencing hearing, Thompson's Total Offense Level 34 and Criminal History Category III produced an advisory guidelines range of 188 to 235 months' imprisonment. However, if two criminal history points are subtracted pursuant to Amendment 821, Thompson's criminal history category drops to II, resulting in an amended guidelines range of 168 to 210 months' imprisonment. The United States has filed a response to the United States Probation Office's report, asserting that the defendant's sentence should be reduced to 159 months.[3] [Record No. 299]

Considering the factors under 18 U.S.C. § 3553(a), the Court concludes that a sentence below the amended guidelines range is appropriate. Therefore, a reply from the defendant is not needed. *See* U.S.S.G. § 1B1.10(b)(2) (observing that a defendant's sentence may not be reduced to a term that is less than the minimum of the amended guidelines range unless the defendant provided substantial assistance to authorities). The Court observes that Thompson has completed numerous educational courses and is enrolled in the Residential Drug Treatment Program. Further, a sentence of 159 months' imprisonment is sufficient, but not greater than necessary, to serve the purposes of § 3553(a), which include providing adequate specific and general deterrence and providing a just punishment.

---

[3]  Pursuant to U.S.S.G. §1B1.10(b)(2)(B), a defendant originally sentenced below the guidelines like Thompson is eligible for a comparable reduction based upon an appropriate motion from the government.

- 3 -

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Defendant John Thompson's custodial sentence is **REDUCED** to a term of 159 months' imprisonment.

2. The defendant, however, **may not** be released from Bureau of Prisons custody prior to **February 1, 2024**, even if the reduced sentence outlined above would otherwise provide for such release.

3. An Amended Judgment (AO 247) will be entered contemporaneously with this Memorandum Order.

Dated: January 23, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky